## WALTON LAND & TIMBER CO. v. RUNYAN.

### In re HOLTON & STRICKLAND et al.

(Circuit Court of Appeals, Fifth Circuit.   December 4, 1920.)

No. 3496.

**Bankruptcy** ⬅188(3)—**Contract gave equitable lien.**

 A contract under which bankrupts cut timber from claimant's land and manufactured it into lumber, and which required bankrupts, on sale of the lumber, to pay claimant $3 per 1,000 feet from the proceeds as stumpage, *held* to give claimant an equitable lien on the lumber or its proceeds in the hands of the trustee.

Appeal from the District Court of the United States for the Northern District of Florida; Wm. B. Sheppard, Judge.

In the matter of Holton & Strickland and others, bankrupts. The Walton Land & Timber Company appeals from an order denying its claim to a lien, on objections filed by William B. Runyan, trustee in bankruptcy. Reversed.

See, also, 269 Fed. 130.

Walter Kehoe and Phillip D. Beall, both of Pensacola, Fla., for appellant.

W. H. Watson and S. Pasco, Jr., both of Pensacola, Fla., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge.   February 4, 1919, C. E. Holton and John Strickland, individually and as partners under the firm name of Holton & Strickland, were adjudged bankrupts upon their voluntary petition.

February 18, 1919, appellant filed its claim, alleging that the bankrupts were indebted to it in the sum of $2,339.14, for 779,714 feet of manufactured lumber then at the mill theretofore operated by the bankrupts; that appellant had furnished the logs out of which the lumber was manufactured, and was entitled to be paid at the rate of $3 per thousand feet of said lumber.   Appellant attached to and made a part of its claim a contract dated July 28, 1917, and recorded September 21, 1917, by which appellant conferred upon J. H. Long & Son the right to cut and manufacture into lumber the pine timber upon a tract of land owned by appellant.   This contract requires payments in installments and provides:

 "That from the manufactured product of said timber the said parties of the second part shall pay to the party of the first part the sum of $3 per 1,000 stumpage, promptly when such manufactured product is shipped," etc.

Forfeiture, upon default in any payment, was at appellant's option. March 12, 1918, J. H. Long & Son assigned this contract to Holton & Strickland, but with a reservation of—

 "$5 per 1,000 feet of the manufactured product of said mill, as the same is shipped, $3 of which shall be paid to the said Walton Land & Timber Com-

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pany to apply on the indebtedness due and to become due to the said company under the terms of the said contract," etc.

The District Court affirmed an order of the referee sustaining objections filed by the trustee in bankruptcy to appellant's claim.

The question presented is whether the trustee in bankruptcy takes the lumber manufactured out of timber cut from appellant's land subject to appellant's claim. Appellee takes the position that this is not a priority claim under section 64b (5) of the Bankruptcy Act (Comp. St. § 9648), for the reason that the contract released the lumber from any lien under the laws of Florida. Let it be conceded that appellant has no statutory lien, because it intrusted to the bankrupts the shipment, and consequently the sale, of the lumber. Undoubtedly the provision of the contract above quoted contemplates that a purchaser of lumber would take the title thereto, freed from any claim of appellant. Nevertheless, in the event of a sale of lumber, Holton & Strickland even then would have held that portion of the cash proceeds specified in the contract in trust for appellant. Pending sale, appellant had an interest in the title to the lumber which it could assert as against Holton & Strickland, and all other persons, except purchasers or creditors without notice. If we put the bankrupt proceedings out of view for the moment, the case would stand as if this were a suit by appellant against Holton & Strickland to collect the amount due for stumpage after a sale of lumber had been made. The fact that the lumber was not sold was probably due to the bankruptcy proceedings. That circumstance cannot affect the principle involved, and the case should be considered as if it were between the original parties unaffected by the rights of innocent third parties, because the trustee in bankruptcy only gets the title the bankrupt had before bankruptcy.

If the trustee had sold the lumber before appellant's claim was filed, the proceeds would have been charged with the interest of appellant therein, and the trustee would have been compelled to pay appellant at the rate of $3 per 1,000 feet for all lumber furnished under the contract. The case might as well be treated as if the lumber had been sold, because, of course, the cash value of the lumber, and not the lumber itself, is what the trustee is seeking to hold for the benefit of creditors.

The contract pleaded as a part of the claim created an equitable lien upon both the lumber and the proceeds of a sale thereof. Ketchum v. St. Louis, 101 U. S. 306, 25 L. Ed. 999; Hauselt v. Harrison, 105 U. S. 401, 26 L. Ed. 1075; Walker v. Brown, 165 U. S. 654, 17 Sup. Ct. 453, 41 L. Ed. 865.

Appellant's claim, though the manner of pleading it is justly criticized, is a meritorious one. Opportunity to prove it should be permitted, and, if established, it should be allowed as a secured claim.

The judgment is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.